UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY GOODIN, ET AL., <br> Plaintiffs, <br> v. <br> JEFFREY VENDLEY, <br> Defendant. | Case No.18-cv-01582-JSC <br><br> **ORDER RE: DEFENDANT'S MOTION TO DISMISS, STAY, OR STRIKE** <br><br> Re: Dkt. No. 8 |

Plaintiffs filed this civil action against Defendant Jeffrey Vendley alleging claims for (1) computer fraud and abuse under 18 U.S.C. § 1030 et seq, and (2) cybersquatting under 15 U.S.C. § 1125 et seq. (Dkt. No. 1.) In response, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss or stay under the *Colorado River* doctrine, or to strike allegations of the complaint under Federal Rule of Civil Procedure 12(f). (Dkt. No. 8.) Plaintiffs' response to the motion advised Defendant of their intent to file an amended complaint. (Dkt. No. 12.) Plaintiffs did so on May 3, 2018. (Dkt. No. 14.) Defendant has since withdrawn his motion to dismiss with respect to the computer fraud and abuse claim, but asks the Court to rule on the motion with respect to the cybersquatting claim, as well as his motion for stay. (Dkt. No. 15.) Defendant's request is DENIED.

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once, "as a matter of course," within 21 days after service of a responsive pleading. Here, Plaintiffs filed their First Amended Complaint on May 3, 2018 as a matter of right. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("the phrase matter of course [i]s consonant with 'as of right,' implying, if not expressly declaring, that Rule 15 confers a 'right' to amend upon parties."). When an amended complaint is filed as of right, it "supersedes the

original, the latter being treated thereafter as non-existent." *Id*. at 1008 (holding that "[b]ecause the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."). Accordingly, Defendant's motion to dismiss the "non-existent" original complaint is terminated as MOOT and the related hearing date is VACATED.

Defendant shall file his responsive pleading on or before May 24, 2018.

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated: May 9, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge